HEIRS OF ANDREW PETER DREW, Plaintiffs and Appellants,
*v.* ARTURO PINTO ET AL., Defendants and Appellees.

No. 6939. Argued February 13, 1936.—Decided February 14, 1936.

Luis Mendín Sabat for appellants. Severo O'Neill Torres for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case involving a judgment on the pleadings against the plaintiffs, who appealed to this court on the ground that the trial court erred in concluding that the complaint failed to state facts sufficient to constitute a cause of action, misconstruing the jurisprudence of this court applicable to the matter.

Two causes of action are set up in the complaint.

In support of the first cause of action it is alleged, in short, that on November 5, 1931, the District Court of Are-

cibo rendered a judgment, with costs, against the defendant Pinto in an action prosecuted by the latter against the plaintiffs herein; that on November 9, 1931, the them defendants and now plaintiffs obtained an order of attachment, which the marshal executed by levying on the only property owned by Pinto and purchased by him from Lee H. Vendig in 1925 and 1928, consisting of two building lots which are duly described, notice of the attachment having been entered in the registry of property; that on March 9, 1934, the District Court of Arecibo approved in that suit a memorandum of costs amounting to $1,122.50; that the marshal sold at public auction the attached property to the plaintiffs, by public deed executed on May 25, 1934; that in 1931 and 1932 Pinto committed several acts, which are specified, acting as the owner of the property attached and publicly sold to the plaintiffs; that the defendants Pinto and Valderrama, conspiring with each other to defraud the plaintiffs, deceived other defendant Vendig and succeeded in having the latter execute a public deed on July 1, 1931, which was recorded in the registry of property, whereby Vendig appears as selling to Valderrama as a single building lot the two lots which he had already sold to Pinto in 1925 and 1928; and that the plaintiffs have been prejudiced by such fraudulent conveyance, and prevented from getting actual possession of their property and have no other remedy to get reparation for the injury suffered by them than the action of rescission to which they have resorted.

In support of the second cause of action the allegations made in the first are reproduced, and it is further alleged that the acts committed by the defendants preventing the plaintiffs from the enjoyment of their property have caused them damages in the sum of one thousand dollars.

The defendants interposed a demurrer to the complaint which was overruled, and final judgment was entered because there was involved a complaint that had already been amended

and in the opinion of the court it could not be amended a second time. The present appeal has been taken from that judgment, which was rendered on November 6, 1934.

In his reasoned opinion forming the basis of said judgment, the trial judge carefully sets out the facts as alleged in the complaint, analyzes them, and then says:

"From a consideration of those six essential allegations, as they have been set forth, it might be concluded, *prima facie*, that the same give life and legal validity to a cause of action for the rescission of a contract in fraud of creditors, since the said allegations contain the four essential requisites prescribed by our Supreme Court in *Suc. of Almazán* v. *López et al., supra* (20 P.R.R. 502), as necessary in order that a complaint of this character may be held sufficient."

But further on he says:

". . . . . it appears from the allegations that the conveyance characterized as fraudulent was a public deed executed on July 1931; whereas the judgment by virtue of which the plaintiffs became the creditors of Arturo Pinto was entered on November 5, 1931. In other words, the conveyance was made four months prior to the rendition of the judgment whereby Pinto became the debtor of the plaintiff heirs. That being so, it is as clear as daylight that the complaint fails to state a case for the relief sought because of the absence of the first element required by law and the jurisprudence, namely, that the defendant was actually indebted to the plaintiff at the time the fraudulent alienation was made.

"\*        \*        \*        \*        \*        \*        \*

"In *Congress Cigar Company* v. *Cabrera*, 45 P.R.R. 176, our Supreme Court expressed itself as follows: 'Any defects that certain acts or contracts which are sought to be annulled may have, can not in any way affect a person who, besides not having participated in such transactions, was not a creditor of one of the contracting parties at the time said transactions took place; hence said person has no cause of action to set them aside on the ground that they were effected to defraud plaintiff.'

"In regard to the second cause of action, claiming damages, this trial judge deems it unnecessary to state the grounds for his decision dismissing the claim, because, as the same rests . . . on the form and strength of the first cause of action and it having been ruled

that the latter is frivolous and fails to state a case for relief . . . . . it is idle that we should go into a study and consideration of such claim.''

It will suffice to say that, in our opinion, the jurisprudence was properly applied to the facts of the case, and therefore the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.